NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO CUXUM-ALVARADO, | No. 20-73809 |
| Petitioner, | Agency No. A201-030-311 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of an
Immigration Judge

Submitted July 29, 2022**
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and BENNETT,*** District Judge.

Julio Cuxum-Alvarado, a native and citizen of Guatemala, petitions for review of a decision of an immigration judge (IJ) upholding an asylum officer's negative reasonable fear determination. We deny the petition for review.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

**1.** Substantial evidence supports the IJ's determination that the harm Cuxum-Alvarado feared was not related to a protected ground. A petitioner in a reasonable fear proceeding must show a "reasonable possibility" that he will be persecuted in the country of removal on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.31(c).

During his reasonable fear interview, Cuxum-Alvarado expressed a fear of harm inflicted by his step-nephew in retaliation for Cuxum-Alvarado's inquiry into the step-nephew's potential role in the murder of Cuxum-Alvarado's brother. Before the IJ, Cuxum-Alvarado indicated that the step-nephew had threatened to "exact revenge" on him. Fear of future harm arising out of a purely personal dispute, without more, is not persecution on the basis of a protected ground. *Molina-Morales v. INS*, 237 F.3d 1048, 1051–52 (9th Cir. 2001). We lack jurisdiction to consider Cuxum-Alvarado's proposed particular social group of "Guatemalan small business owners" because he failed to raise it before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

**2.** Cuxum-Alvarado has not challenged the IJ's denial of his claim under the Convention Against Torture (CAT). Any challenge to the merits of the IJ's CAT ruling is thus waived. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

**3.** Cuxum-Alvarado asserts for the first time before us that his interview with the asylum officer was hampered by "miscommunication due to telephonic and shoddy connections between petitioner, officer and interpreter." Cuxum-Alvarado has not demonstrated error during the course of the interview or prejudice stemming from any alleged error, and thus he has not satisfied either of the required prongs of a due process claim. *See Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012).

**PETITION FOR REVIEW DENIED.**